**AVINS INDUSTRIAL PRODUCTS CO., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 74–32.**

United States Court of Customs and Patent Appeals.

May 15, 1975.

Shaw & Stedina, New York City, attorneys of record, for appellant. Charles P. Deem, New York City, of counsel.

Carla A. Hills, Asst. Atty. Gen., New York City, Andrew P. Vance, Chief, Customs Section, Joseph I. Liebman, Dept. of Justice, Civil Div., Customs Section, New York City, for the United States.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MARKEY, Chief Judge.

This is an appeal from a judgment of the United States Customs Court * dismissing appellant's protest to the classification of certain stainless steel merchandise. Appellant claims the proper classification of the merchandise to be under TSUS Item 685.25 as unfinished parts of radio reception antennas. The Customs Court held the merchandise was correctly classified as stainless steel wire under TSUS Item 609.45. We affirm.

*Statutes*

Tariff Schedules of the United States:

General Headnotes and Rules of Interpretation:

10. General Interpretative Rules. For the purposes of these schedules—

\*　　\*　　\*　　\*　　\*　　\*

(h) unless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled, and whether finished or not finished;

\*　　\*　　\*　　\*　　\*　　\*

Schedule 6, part 2 headnotes:

1. This part covers precious metals and base metals \* \* \*, their alloys, and their so-called basic shapes and forms, and, in addition, covers metal waste and scrap.

\* \* \* This part does not include—

\*　　\*　　\*　　\*　　\*　　\*

(iv) other articles specially provided for elsewhere in the tariff schedules, or parts of articles.

\*　　\*　　\*　　\*　　\* .　　\*

Subpart B. Iron or Steel

Subpart B headnotes:

1. This subpart covers iron and steel, their alloys, and their so-called basic shapes and forms \* \* \*.

\*　　\*　　\*　　\*　　\*　　\*

3. *Forms and Condition of Iron or Steel.*—For the purposes of this subpart, the following terms have the meanings hereby assigned to them:

\*　　\*　　\*　　\*　　\*　　\*

(i) *Wire* : A finished, drawn, non-tubular product, of any cross-sectional configuration, in coils or cut to length, and not over 0.703 inch in maximum cross-sectional dimension. The term also includes a product of solid rectangular cross section, in coils or cut to length, with a cold-rolled finish, and not over 0.25 inch thick and not over 0.50 inch wide.

\*　　\*　　\*　　\*　　\*　　\*

Wire of iron or steel:

\*　　\*　　\*　　\*　　\*　　\*

Round wire:

\*　　\*　　\*　　\*　　\*　　\*

609.45　　Alloy iron or steel . . . . \* \* \*

Schedule 6, part 5:

Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and television cameras; \* \* \* and parts thereof:

\*　　\*　　\*　　\*　　\*　　\*

---

\* 72 Cust.Ct. 43, C.D. 4503, 376 F.Supp. 879 (1974), rehearing denied 72 Cust.Ct. 147, C.D. 4522 (1974).

Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and parts thereof:

\*  \*  \*  \*  \*  \*

Other:

\*  \*  \*  \*  \*  \*

685.25  Other . . . . . . . . . . . . . \* \* \*

### The Merchandise

The imported merchandise comprises drawn sections of Type 302 stainless steel wire with a cross-sectional diameter not exceeding 0.703 inch. The wire had been cut to lengths of 12 inches to 26.5 inches pursuant to specifications of appellant's vendees. It is stipulated that one utility of the imported merchandise lies in the manufacture of radio antenna sections. To improve its capability for telescoping freely in a radio antenna, the merchandise was subjected to a close tolerance straightening process after being drawn.

### Issue

The sole issue before us is whether the Customs Court, after consideration of stipulated facts, erred in holding that the correct classification of the instant merchandise is "wire."

### OPINION

Appellant urges that because TSUS Schedule 6, part 2, headnote 1 excludes articles specially provided for elsewhere, the imported merchandise is properly classifiable as unfinished parts of radio antennas. It has been stipulated that appellant sold the merchandise to six customers who used the merchandise to manufacture radio antennas, chamfering one end of the wire and press fitting the other end into a small metal ball.

In American Import Co. v. United States, 26 CCPA 72, 74, T.D. 49612 (1938), the tariff meaning of "unfinished" was stated as follows:

It has long been the generally accepted rule that a thing may be classified for tariff duty purposes under an *eo nomine* provision for the article unfinished if that thing has been so far processed towards its ultimate completed form as to be dedicated to the making of that article or that class of articles alone.

We agree with the Customs Court that the merchandise before us has not been sufficiently advanced in its manufacture to have reached a point where it is incapable of being made into other things. The specific lengths to which the wire had been cut and the special straightening, although necessary for antenna manufacture, are not sufficient manipulations to dedicate the wire to the single use as an antenna part.

Although no other use has been shown for Type 302 stainless steel wire of identical diameter and length to the merchandise herein, Type 302 wire is stipulated to be used, inter alia, as "cross-wire welded grids for refrigeration trays and shelves, woven wire belts for conveyors, cooking skewers, screens and strainers for a variety of chemical processing applications." The Customs Court noted a further stipulation

that it would have been possible to make use of wire of the same diameter and length in other applications, with some modification of the specifications.

As easily as the wire in question could be called unfinished parts of antennas, it could be called unfinished parts of other devices in which Type 302 wire finds utility. The degree of processing had not changed the wire, as imported, into a clearly identifiable part of any device. Hence, in the tariff sense, the wire may not be considered an unfinished antenna part so as to preclude its classification as "wire."

Accordingly, the judgment of the Customs Court is affirmed.

Affirmed.